UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TANYA LACKEY, DALE NICOLINI, | * | |
| JAMES BOLD, ROBERT GAY, | * | |
| ALFRED HAMILTON and JOHN | * | |
| SMITH, ET AL, | * | CIVIL ACTION NO. _____ |
| | * | |
| Plaintiffs, | * | |
| | * | |
| VERSUS | * | SECTION "_" |
| | * | |
| SDT WASTE & DEBRIS SERVICES, | * | |
| LLC, SIDNEY D.TORRES, IV, JASON | * | |
| McDANIEL AND HENRY GONLAG | * | MAGISTRATE JUDGE _ |
| | * | |
| | * | |
| Defendants | * | |

**COLLECTIVE ACTION UNDER § 216(B)
OF THE FAIR LABOR STANDARDS ACT AND DEMAND FOR JURY TRIAL**

Now into Court, through undersigned counsel, come Plaintiffs, Tanya Lackey, Dale Nicolini, James Bold, Robert Gay, Alfred Hamilton, John Smith and Larry Swan, individually and on behalf of other similarly situated opt-in collective action members, to assert the following:

I.

This action is filed under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. ("the Act").

**II.**

Jurisdiction in this action is vested in this Court under 28 U.S.C. §1331, 29 U.S.C. § 216 and 28 U.S.C. § 1367.

**III.**

Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. §1391(b).

**IV.**

Plaintiffs in this action are all residents of the State of Louisiana.

**V.**

Defendant SDT Waste & Debris Services, LLC ("STD") is a limited liability corporation incorporated in the State of Louisiana with its' office in Chalmette, Louisiana. Defendant is in the business of providing waste removal services in various parishes in Louisiana. At all times material hereto, SDT is, and has been, an "employer" under the Act.

**VI.**

Defendant Sidney D. Torres IV is an individual domiciled in the State of Louisiana in the Parish of St. Bernard and, on information and belief, is the manager and/or owner of Defendant STD and actively manages, supervises and directs the business affairs and operations of Defendant STD. In addition, Sidney D. Torres IV acts and has acted, directly and indirectly, in the interest of Defendant STD in relation to its employees and is an employer of these employees within the meaning of the Act.

**VII.**

Defendant Jason McDaniel is an individual domiciled in the State of Louisiana in the Parish of St. Tammany and, on information and belief, is the Vice President of Defendant STD and actively manages, supervises and directs the business affairs and operations of Defendant

STD. In addition, Jason McDaniel acts and has acted, directly and indirectly, in the interest of Defendant STD in relation to its employees and is an employer of these employees within the meaning of the Act.

### VIII.

Defendant Henry Gonlag is an individual domiciled in the State of Louisiana in the Parish of St. Tammany and, on information and belief, is the Operations Manger of Defendant STD and actively manages, supervises and directs the business affairs and operations of Defendant STD. In addition, Henry Gonlag acts and has acted, directly and indirectly, in the interest of Defendant STD in relation to its employees and is an employer of these employees within the meaning of the Act.

### IX.

Plaintiffs are all either former or current employees of Defendant STD employed as hoppers, mechanics, dispatchers and/or truck drivers working out of STD's facility in Chalmette, Louisiana.

### X.

In such positions, Plaintiffs worked five to six days per week and in most weeks, much more than forty hours per week.

### XI.

Plaintiffs always completed time cards or other documentation which recorded their hours of work.

## XII.

During the term of each Plaintiff's employment, they were instructed to deduct, or STD deducted, one-half hour (30 minutes) from each day's worked hours on the basis that such time constituted the unpaid lunch period for Plaintiffs.

## XIII.

However, at no time during the working day were Plaintiffs completely relieved from duty for the purposes of eating regular meals.

## XIV.

Instead, all Plaintiffs were required to perform their regular duties, whether active or inactive, while eating, such that the time predominantly benefitted SDT, the employer.

## XV.

Plaintiffs were routinely advised by Defendants McDaniel and Gonlag and other SDT managers that if they stopped working in order to eat lunch, they would be fired.

## XVI.

In fact, many Plaintiffs in this action were terminated by Defendants after they complained about the failure to be paid for all hours in which they worked.

## XVII.

In addition, the Plaintiffs who were employed as truck drivers frequently were instructed by Defendants to operate trucks in an unsafe condition in violation of state law.

## XVIII.

Defendants then advised Plaintiffs who objected to driving the trucks in an unsafe condition that if they did not drive such trucks, their employment would be terminated.

### XIX.

On information and belief, the operating policies and procedures followed by STD were set and enforced by Defendants Torres, McDaniel and Gonlag.

### COUNT I: FLSA OVERTIME PAY CLAIMS.

### XX.

As employees of STD, all Plaintiffs, including drivers, dispatchers, hoppers and mechanics, were entitled to receive overtime pay of time and one-half their regular rate of pay for all hours worked in excess of forty (40) in any work week.

### XXI.

By deducting from Plaintiffs' pay thirty (30) minutes per day for periods in which Plaintiffs worked, Defendants violated Section 7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 207.

### XXI1.

Under the provisions of 29 U.S.C. § 213, Plaintiffs are entitled to recover from Defendants the unpaid overtime due, an equal amount as liquidated damages, interest and their reasonable attorneys fees and costs incurred in bringing this action.

### XXIII.

Plaintiffs bring this case as a collective action pursuant to § 216(b) of the Fair Labor Standards Act, at 29 U.S.C. § 216(b). Plaintiffs allege that the wrongful corporate deduction of pay for a fictitious lunch period was company-wide and was not of limited application.

### XXIV.

Plaintiffs are representatives of those similarly situated individuals who are current or former employees of STD in the positions of drivers, dispatchers, hoppers and mechanics who

suffered the above unlawful deduction of pay and thus did not receive overtime compensation at the rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per week.

### XXV.

Plaintiffs have attached herewith, or will file shortly, their respective Consent Forms for their inclusion in this action.

### COUNT 2: RETALIATION CLAMS UNDER THE FLSA.

### XXVI.

By terminating employees who complained about not receiving pay for all hours worked in excess of forty (40) in each week of employment, Defendants violated Section 15 of the Fair Labor Standards Act, as amended, 29 U.S.C. § 215(a)(3).

### XXVII.

Under the provisions of FLSA Section 16, at 29 U.S.C. § 216(b), such Plaintiffs are entitled to reinstatement, back pay, liquidated damages and the costs and attorneys' fees incurred in pursuing this action.

### COUNT 3: WHISTLEBLOWER CLAIMS UNDER LOUSIANA STATE LAW

### XXVIII.

Furthermore, by terminating Plaintiff drivers who objected to operating and driving trucks which were in unsafe conditions, Defendants violated the provisions of La. R.S. § 23:967 by retaliating against Plaintiffs who objected to operating vehicles in violation of state law.

## XXIX.

For such Plaintiffs, Defendants are liable for their damages, including compensatory damages, back pay, benefits, reinstatement, reasonable attorney fees, and court costs resulting from the reprisal.

**WHEREFORE**, the above premises considered, plaintiffs pray that there be judgment entered herein in their favor and against defendants as follows:

1) By recognizing this proceeding as a collective action pursuant to § 216(b) of the Fair Labor Standards Act;

2) By requiring Defendants to provide the names and addresses of all similarly situated collective action members;

3) Approving the form and content of a Notice to be sent to all putative collective action members advising them of the pendency of this litigation and of their rights thereto;

4) For Judgment finding that Plaintiffs and the putative collection action members are entitled to overtime pay at a rate not less than time and one-half times their regular rate of pay for all compensable time Defendants did not pay them for;

5) For an award of liquidated damages, interest, attorneys fees and costs, all as allowed by the Fair Labor Standards Act;

6) For Judgment finding that Defendants unlawfully terminated some of the Plaintiffs due to their complaints regarding pay practices in violation of the Fair Labor Standards Act, with an award of all damages recoverable under that law;

7)     For Judgment finding that Defendants unlawfully retaliated against some of the Plaintiffs employed as drivers who objected to driving unsafe trucks in violation of Louisiana state law with an award of all damages recoverable under Louisiana's Whistleblower Law; and

8)     For all other general and equitable relief to which Plaintiffs may be entitled.

### DEMAND FOR TRIAL BY JURY

Plaintiffs request a trial by jury on all issues deemed so triable.

**Respectfully submitted,**

**CURRY & FRIEND, PLC**

*/s/ Gerald J. Huffman, Jr.*

**GERALD J. HUFFMAN, JR., T/A. (No. 7057)**
**SUSAN R. LAPORTE ( No. 19671)**
**228 St. Charles Avenue, Suite 1200**
**New Orleans, Louisiana 70130**
**Telephone: (504) 524-8556**

**Please serve:**

**STD WASTE & DEBRIS SERVICES, LLC,**
**Through its designated agent:**
E. John Litchfield
201 St. Charles Ave., Suite 4204
New Orleans, La 70170

**Sidney D. Torres, IV**
100 W. Virtue Street
Chalmette, LA 70043

**Jason McDaniel**
100 West Virtue Street
Chalmette, LA 70043

**Henry Gonlag**
100 West Virtue Street
Chalmette, LA 70043