**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **TANYA LACKEY et al.,** | * | **CIVIL ACTION NO. 11-1087** |
| **Plaintiffs** | * | |
| | * | **SECTION: H** |
| **VERSUS** | * | **JUDGE JANE TRICHE MILAZZO** |
| | * | |
| | * | |
| **SDT WASTE & DEBRIS** | * | **MAGISTRATE: 4** |
| **SERVICES, L.L.C. et al.** | * | **MAG. KAREN WELLS ROBY** |
| **Defendants** | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## <u>ORDER AND REASONS</u>

Before the Court is Plaintiffs' Motion to Certify Class (Doc. 34).  For the following reasons, Plaintiffs' motion is **GRANTED IN PART** and **DEFERRED IN PART.**

Plaintiffs' request to proceed as a collective action is **GRANTED**, and the class is conditionally certified as requested.  Plaintiffs' request for an order requiring Defendants to produce the names and current or last known addresses of potential collective action plaintiffs is **GRANTED.**  Plaintiffs' request for authorization to distribute the proposed notice to potential plaintiffs is **DEFERRED.**

**IT IS ORDERED** that the following class is conditionally certified to proceed as a collective action:

> All individuals who worked or are working for Defendant SDT Waste & Debris Services LLC, as hoppers, mechanics, dispatchers and/or drivers from May 6, 2008 until the date of the resolution of the present action, and who are or were eligible for overtime pursuant to the FLSA, 29 U.S.C. § 207 and who had 30 minutes deducted from each day's work hours but were not allowed to stop working for a 30 minute meal period, such that the deducted 30 minute period primarily benefitted SDT Waste & Debris Services, LLC.

**IT IS FURTHER ORDERED** that Defendants shall produce to Plaintiffs the names and current or last known addresses of potential collective action plaintiffs within twenty (20) days of the filing of this Order.

**IT IS FURTHER ORDERED** that the parties shall meet and confer upon the notice and consent form to potential opt-in plaintiffs.  The parties shall submit a joint proposed notice to the Court within twenty (20) days of the filing of this Order and prior to distributing notice to potential opt-in plaintiffs.  If the parties are unable to agree on a joint proposed notice, Plaintiffs and Defendants shall submit competing proposals to the Court within twenty (20) days of the filing of this Order.

**BACKGROUND**

Plaintiffs are current and former employees of Defendant SDT Waste and Debris Services, LLC ("SDT"). (Doc. 1 at ¶ IX.)  Plaintiffs filed this lawsuit on May 6, 2011, individually and on behalf of other similarly situated opt-in collective action members. (*Id*.)  Plaintiffs seek a collective action under the Fair Labor Standards Act ("FLSA"), alleging overtime violations. (*Id.* at ¶ XXI.)  Plaintiffs also bring retaliation claims under the FLSA and whistleblower claims under La. R.S. § 23:967. (*Id.* at ¶¶ XXVI, XXVIII.)

Specifically, Plaintiffs allege that SDT automatically deducted a thirty minute "meal time" from each employee's time sheet; however, Plaintiffs did not receive complete relief from their work duties during that time. (*Id.* at ¶¶ XII-XIII.)  Plaintiffs believe that this practice was company wide and not limited to the current plaintiffs. (*Id.* at ¶ XXIII.)  Plaintiffs further allege that SDT terminated many of the Plaintiffs after they complained about not being paid for this time. (*Id.* at ¶ XVI.)  Lastly, Plaintiffs allege whistleblower claims under Louisiana state law, claiming that Defendants terminated Plaintiffs who were drivers and objected to driving trucks that were in unsafe condition. (*Id.* at ¶ XXVIII.)

Plaintiffs filed the motion before the Court on November 1, 2011, asking the Court to conditionally certify the class to proceed as a collective action.  Plaintiffs seek certification of a class including:

All individuals who worked or are working for Defendant SDT Waste & Debris Services LLC,

as hoppers, mechanics, dispatchers and/or drivers from May 6, 2008 until the date of the resolution of the present action, and who are or were eligible for overtime pursuant to the FLSA, 29 U.S.C. § 207 and who had 30 minutes deducted from each day's work hours but were not allowed to stop working for a 30 minute meal period, such that the deducted 30 minute period primarily benefitted SDT Waste & Debris Services, LLC.  (Doc. 34.)

In addition to certification, Plaintiffs request: (1) approval of Plaintiffs' proposed written notice to all potential collective action members; (2) an order requiring defendant to produce names and addresses of all potential collective action members within two weeks of the signing of the order for notice purposes; and (3) authorization to send their proposed notice to potential collective action plaintiffs.

## LAW AND DISCUSSION

Plaintiffs ask the Court to conditionally certify the class to proceed as a collective action. Defendants argue that certification is inappropriate because the named plaintiffs and opt-in plaintiffs are not similarly situated.  Defendants argue that Plaintiffs have failed to show that plaintiffs and opt-in plaintiffs were victims of a uniform policy or decision.  Defendants also object to Plaintiffs' proposed notice to potential opt-in plaintiffs.  For the following reasons, the class is conditionally certified to proceed as a collective action.

The FLSA allows one or more employees to pursue an action in a representative capacity for "other employees similarly situated."  29 U.S.C.A. § 216(b) (West 2011).  A collective action affords plaintiffs "the advantage of lower individual costs to vindicate rights by the pooling of resources." *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989).  Efficient resolution in one

-4-

proceeding of common issues of law and fact benefits the judicial system.  *Id.*  The FLSA does not define what it means for employees to be "similarly situated."

Courts have utilized two methods for determining whether plaintiffs are similarly situated. *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1213-14 (5th Cir.1995), overruled on other grounds by *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 123 (2003).  The Fifth Circuit has not determined whether either approach is required; however, the Eastern District of Louisiana has consistently applied the prevailing *Lusardi* approach.  *See, e.g., Xavier v. Belfor USA Group, Inc.,* 585 F.Supp.2d 873, 876 (E.D.La. 2008); *Johnson v. Big Lots Stores, Inc.,* 561 F.Supp.2d 567, 569 (E.D.La. 2008); *Smith v. Offshore Specialty Fabricators, Inc.,* no. 09-2985, 2009 WL 2046159, at *2 (E.D.La. July 13, 2009).  This approach uses a two-step analysis.  First, at the "notice stage," the court determines whether notice should be given to potential members of the collective action, "usually based only on the pleadings and any affidavits." *Mooney,* 54 F.3d at 1213-14.  Because the court has little evidence at this stage, "this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Id.* at 1214.

Although the standard for certification at the notice stage is lenient, courts generally require "at least substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination."  *Smith*, 2009 WL 2046159, at *2 (quoting *H & R Block, Ltd. v. Housden,* 186 F.R.D. 399, 400 (E.D.Tex 1999)).  "Courts determining whether plaintiffs have submitted substantial allegations of a single plan have looked to 'whether

-5-

potential plaintiffs were identified . . . whether affidavits of potential plaintiffs were submitted . . . and whether evidence of a widespread discriminatory plan was submitted.'" *Id.*  If the Court grants conditional certification, the case proceeds as a collective action through discovery. *Mooney,* 54 F.3d at 1213-14.

After discovery, the defendant may move for decertification.  *Id.*  At that point, the court decides, with the benefit of considerably more information, whether the employees are similarly situated.  *Id.*    At this time, the court makes a factual inquiry into whether plaintiffs are similarly situated.  *Xavier,* 585 F.Supp.2d at 878.  *Lusardi* applies a three-factor test to determine whether plaintiffs and potential members of the collective action are similarly situated.  Courts consider: "(1) the extent to which the employment settings of employees are similar or disparate; (2) the extent to which any defenses that an employer might have are common or individuated; and (3) general fairness and procedural considerations."  *Johnson,* 561 F.Supp.2d, at 573.

Based on the pleadings and affidavits in this case, Plaintiffs have sufficiently shown that they and any potential opt-in plaintiffs were "victims of a single decision, policy, or plan" and have shown that "at least a few" similarly situated individuals exist.  Plaintiffs' Complaint alleges that Defendants McDaniel, Gonlag, and other SDT managers routinely advised Plaintiffs that they would be fired if they stopped working for lunch.  (Doc. 1 ¶ XV.)  Plaintiffs also allege that Defendants Torres, McDaniel and Gonlag set SDT's operating policies and procedures and that the policies were company wide. (*Id.* at ¶¶ XIX, XXIII.)  Additionally, Plaintiffs submitted affidavits that support these

allegations.  Specifically, the affidavits state that Defendants routinely required Plaintiffs to work through their meal time and did not compensate them for this time.  (*See, e.g.,* doc. 34-6; doc. 49-1.)  The affiants also state that they knew of other employees who were required to work during lunch and were not compensated for that time.  (*See, e.g.,* doc. 34-5; doc. 34-6.)  Taken together, Plaintiffs' pleadings and affidavits sufficiently demonstrate that Defendants had a routine practice of not accounting for missed meal periods.  Accordingly, it is appropriate for the Court to grant conditional certification to proceed as a collective action.

### CONCLUSION

Plaintiffs' Complaint is conditionally certified to proceed as a collective action, defining the following class:

> All individuals who worked or are working for Defendant SDT Waste & Debris Services LLC, as hoppers, mechanics, dispatchers and/or drivers from May 6, 2008 until the date of the resolution of the present action, and who are or were eligible for overtime pursuant to the FLSA, 29 U.S.C. § 207 and who had 30 minutes deducted from each day's work hours but were not allowed to stop working for a 30 minute meal period, such that the deducted 30 minute period primarily benefitted SDT Waste & Debris Services, LLC.

Defendants shall provide Plaintiffs with the names and current or last known addresses of potential collective action plaintiffs within twenty (20) days of the filing of this Order.

Parties shall meet and confer upon the notice and consent form to potential opt-in plaintiffs.  The parties shall submit a joint proposed notice to the Court prior to distributing notice to potential opt-in plaintiffs.  If the parties are unable to agree on a joint proposed notice, Plaintiffs

and Defendants shall each submit their proposal to the Court within twenty (20) days of this Order.


New Orleans, Louisiana, this 15th day of December, 2011.


**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT COURT JUDGE**