UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TANYA LACKEY, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 11-1087** |
| **SDT WASTE AND DEBRIS SERVICES, ET AL.** | **SECTION: "H" (4)** |

## ORDER

Before the Court is Plaintiffs, Tanya Lackey, et al.'s (collectively "Plaintiffs") **Motion for Leave to File First Amended and Supplemental Complaint (R. Doc. 175)**, seeking an Order from this Court to permit it to file its first amended and supplemental complaint. The motion is opposed. *See* R. Doc. 181. A reply was filed. *See* R. Doc. 189. The motion was heard on the briefs on March 5, 2014.

### I.     Background

This is a class action claim, where plaintiffs are several specific types of workers of Defendant, SDT. The Complaint alleges, *inter alia*, that SDT forced specific classes of employees to work during their 30-minute lunch breaks or risk termination, in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"). *See* R. Doc. 1, p. 2. Under FLSA and the Louisiana Whistleblower Act, La. Rev. Stat. Ann. § 23:967, plaintiffs allege that they are entitled to overtime benefits which SDT never paid. *Id.* at 5-6. Plaintiffs further allege that SDT engaged in unlawful retaliation by terminating the employment of those employees who complained about SDT's practices. *Id.* at 6-8.

As to the instant motion, Plaintiffs, Tanya Lackey, et al., (collectively "Plaintiffs") seek leave

from this Court to file their First Amended and Supplemental Complaint, which seeks to amend and supplement the Collective Action under § 216B of the Fair Labor Standards Act ("FLSA") due to additional information discovered since the filing of the original complaint. *See* R. Doc. 175, p. 2. Specifically, Plaintiffs seek to (1) add Progressive Waste Solutions of LA, Inc., as a defendant in this action because of a merger with Defendant, SDT Waste & Debris Services, LLC.; (2) add a cause of action for unpaid wages and penalty wages under Louisiana Revised Statutes §§ 23:631-632; (3) add a cause of action for failure to maintain and preserve payroll and daily hours worked records required under the FLSA, and 29 C.F.R. § 516.1, 516.2 (7)-(12); and to (4) add a cause of action for violation of the Louisiana Unfair Trade Practices and Consumer Protection Act ("LUTPA") because of unfair methods of competition and unfair or deceptive acts of practices. *Id.*

## II.     Standard of Review

Federal Rules of Civil Procedure ("Rule") 15(a), which governs the amendment of pleadings, provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). This, and other federal rules, "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

Thus, Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). Furthermore, "this 'policy' is strongest when the motion challenged is the first motion to amend." *Thompson v. New York Life Ins. Co.*, 644 F.2d 439, 444 (5th Cir. 1981). Permission may be granted even though the original pleading is defective in its statement of a claim for relief or

defense. *Id*.

Leave to amend is by no means automatic, but is within the sound discretion of the trial court. *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). In exercising its discretion, the trial court must determine that there is a "substantial reason" for the delay. *Mayeaux v. Louisiana Health Service and Indemnity Co.*, 376 F.3d 420, 425 (5th Cir. 2004). The Court may consider such factors as (1) undue delay, bad faith, or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party by virtue of allowance of the amendment; and (4) futility of the amendment. *Gregory v Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981).

### III. Analysis

#### A. Good Cause

Defendants, SDT Waste & Debris Services, LLC.; Sidney D. Torres, IV; Jason McDaniel and Henry Gonlag (collectively "Defendants") argue in opposition to Plaintiffs' motion for leave to amend, that plaintiffs have not made a showing of "good cause" pursuant to Fed. R. Civ. P. 16(b), sufficient to permit granting them leave to amend their complaint after the deadline set forth by this Court's Scheduling Order. *See* R. Doc. 181.

In their initial motion Plaintiffs did not address the good cause argument, but in their reply to Defendants' opposition, they contend that they have met all the factors necessary to establish good cause, pursuant to Fed. R. Civ. P. 16(b).

Although Rule 15(a) governs the amendments of pleadings, the Fifth Circuit has established that Rule 16(b) "governs the amendment of pleadings after a scheduling order deadline has expired." *S & W Enters., L.L.C. v. S. Trust Bank of Ala., NA,* 315 F.3d 533, 536 (5th Cir. 2003). Rule 16

provides that a scheduling order may only be modified for good cause shown and with the Judge's consent. *See* Fed. R. Civ. Pro. 16(b)(4).

To determine whether a party has provided good cause to amend a pleading after the deadline set in the Scheduling Order, Courts may examine four factors: "(1) the explanation for the untimely conduct; (2) the importance of the requested untimely action; (3) the potential prejudice in allowing the untimely conduct; and (4) the availability of a continuance to cure such prejudice." *Huey v. Super Fresh/Sav-A-Center, Inc.*, No. 07-1169, 2008 WL 2633767, at *1 (E.D. La. June 25, 2008) (citing *S & W Enters.,* 315 F.3d at 535. "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters., LLC*, at 535 (internal quotations and citations omitted).

Although Defendants contend that an analysis of Rule 16 is necessary, the Court finds this argument is in error. This Court issued a Scheduling Order on May 8, 2013, resetting the trial and adopting the deadlines set forth in the parties Joint Case Management Order (R. Doc. 121). *See* R. Doc. 127. However, neither the scheduling order, nor the Joint Case Management Order provide a deadline for amended pleadings. Although two previous scheduling orders setting forth deadlines were adopted in this matter, both those orders were vacated upon the issuance of the new scheduling orders. *See* R. Doc. 27, 68, 117, 127. As a result, the Court finds that there is currently no amended pleading deadline. Therefore, Plaintiffs' motion for leave to amend is timely, and shall be addressed on the merits, pursuant to Rule 15(a).

### B.     Merits of the Amendment - Rule 15(a)

In determining whether or not granting leave to amend is proper, the Court analyzes the *Gregory v. Mitchell* factors. The factors are: (1) undue delay, bad faith, or dilatory motive on the part

of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party by virtue of allowance of the amendment; and (4) futility of the amendment. *Id*.

### 1.     **Plaintiffs Request to Add Progressive Waste Solutions**

Plaintiffs seek to amend their complaint to add Progressive Waste Solutions of LA, Inc., as a defendant in this action because of a merger with Defendant, SDT Waste & Debris Services, LLC. Plaintiffs provide no reason as to why they now seek to add Progressive.

In opposition, the Defendants contest the timeliness and / or undue delay that may be caused by adding said defendant at this time. Specifically, Defendants argue that Plaintiffs "knew or should have" allegedly known about the merger between SDT Waste and Progressive Waste Solutions of Louisiana for over twenty-six (26) months, therefore they should not be permitted to add them now. *See* R. Doc. 175-1, p. 14-15. Therefore, Defendants argue that Plaintiffs undue delay in seeking leave to amend their complaint to add a new party warrants denial of their proposed pleading.

The Court finds that this factor does not weigh in favor of granting leave to amend to add Progressive Waste Solutions of Louisiana. The record, and Plaintiffs own admission indicates that the merger between Progressive Waste and SDT Waste occurred in December 20, 2011. However, Plaintiffs provide no justification as to why now, nearly twenty-six (26) months later, they seek to add Progressive Waste Solutions, when the merger has been public since 2011, the same year this action was filed. *See* R. Doc. 175-3, p. 1-2. Plaintiffs also fail to allege that new facts developed in the interim which would suggest that Progressive Waste be made a party at this late of a date. Therefore, this factor weighs against allowing Plaintiffs leave to amend to add Progressive Waste Solutions of Louisiana. *See e.g.*,*De Franceschi v. BAC Home Loans Servicing*, *L.P*., 477 F. App'x

200, 204 (5th Cir. 2012)(where the record revealed plaintiffs knew or should have known of the facts relevant to their amendment at an earlier time therefore deadline denial of leave to amend is proper); *S & W Enters., LLC*, 315 F.3d at 535 (5th Cir.2003).

### 2. **Plaintiffs Request to Add New Causes of Action under La. Rev. Stat. §§ 23:631-632; 29 C.F.R. § 516.1, 516.2 (7)-(12); and LUTPA**

Plaintiffs seek to amend their complaint due to their allegations of recently discovered additional information since the filing of their original complaint. *See* R. Doc. 175, p. 2. Specifically, Plaintiffs seek to add causes of action for unpaid wages and penalty wages under Louisiana Revised Statutes §§ 23:631-632; for failure to maintain and preserve payroll and daily hours worked records required under the FLSA, and 29 C.F.R. § 516.1, 516.2 (7)-(12); and to for alleged violations of LUPTA ) because of unfair methods of competition and unfair or deceptive acts of practices. *Id.*

In opposition, Defendants contend that Plaintiffs motion should be denied because it will cause an undue delay of the instant action, and because the allowance of the amendments will cause Defendants undue prejudice. *Gregory v Mitchell*, 634 F.2d at 203.

#### a. **Undue Delay, Bad Faith, Dilatory Motive of Movant**

The Court shall first consider whether the amendment will cause an undue delay, is in bad faith, or if Plaintiffs have some dilatory motive in filing the motion, pursuant to Rule 15(a).

Plaintiffs argue that permitting them leave to file an amended complaint will not cause an undue delay of this action, nor are they in bad faith in the filing of said motion for leave. *See* R. Doc. 175-1, p. 3. Plaintiffs contend that they hired Don Strobel ("Strobel") an expert witness who reviewed their evidence and concluded on January 15, 2014, that the evidence he reviewed supported a claim of lost wages, as well as for an FLSA overtime claim. *Id.*

As soon as this evidence was obtained, on January 22, 2014, Plaintiffs argue that they made

claims for wages to Defendants, SDT Waste, et al. (collectively "Defendants") but that they did not agree to make an "unconditional tender of the full amount of the initial demand of unpaid wages until January 30, 2014." *Id.* Plaintiffs also represent that they filed a second demand for unpaid wages for the time period covered by the "relation back provision," which they contend is the three year period preceding the May 6, 2011, filing of the original complaint; but Defendants refused to pay this demand. *Id.*

As a result of Defendants' refusal, Plaintiffs filed the instant motion, seeking to amend and supplement the Collective Action under § 216B of the FLSA to add causes of action for (2) unpaid wages and penalty wages under Louisiana Revised Statutes §§ 23:631-632; (3) for failure to maintain and preserve payroll and daily hours worked records required under the FLSA, and 29 C.F.R. § 516.1, 516.2 (7)-(12); and (4) for violation of LUTPA because of unfair methods of competition and unfair or deceptive acts of practices, due to the recently discovered information. *Id.*

In opposition, Defendants contend that Plaintiffs' have failed to provide a reason, other than ignorance, for failing to add claims for nearly two years past the deadline,[1] and over thirty-three months after the filing of the original complaint. *See* R. Doc. 181. Specifically, Defendants argue that because Plaintiffs admit that the proposed state law wage claims asserted in the amended complaint derive from the same factual allegations asserted in the original complaint, the failure to include them is due to a lack of diligence on their counsel's part, and does not warrant the allowance of an amended complaint at this time. *Id.* at 14-15. Lastly, Defendants argue that as to Plaintiffs' claim of deficient record keeping, they produced documents in October 2012, which should have given them notice of these claims some sixteen (16) months ago. *Id.* at 15-16.

---

[1]The Court has already addressed that Defendants' argument that the amended pleading deadline expired is without merit as there is currently no amended pleading deadline.

7

Therefore, Defendants argue that Plaintiffs undue delay in seeking leave to amend their complaint to add new claims warrants denial of their proposed pleading.

Plaintiffs filed a reply to Defendants' opposition, arguing that their unpaid wages claim was made within seven days of the expert's report, but due to their refusal to pay after they were sent a demand letter by counsel for Plaintiffs on February 5, 2014, Plaintiffs filed the instant motion on February 12, 2014, only seven days later. *See* R. Doc. 189, p. 2. Furthermore, Plaintiffs contend that the two month delay in discovery in this action was been caused by the Defendants request for a settlement conference, which ultimately proved unsuccessful. *Id.*

Plaintiffs also argue that their LUPTA claim that SDT Waste did not practice fair dealings with its competitors because of its deceptive practices with its employees, was filed only one day after the deposition of Defendant Torres, which allegedly revealed facts necessitating the filing of the proposed amended pleading; such as submitting bids lower than the competition, and deducting a thirty (30) minute meal break from its non-exempt employees. *Id.* at 2-3. Furthermore, Plaintiffs argue that although Defendants represent that they have produced documents regarding claims for the alleged failure to maintain time records, under 29 C.F.R. § 516.1-516.8, is in error as Defendants have not yet produced such information. *Id.*

The Fifth Circuit has indicated that "[a] litigant's failure to assert as claim as soon as he could have is properly a factor to be considered in deciding whether to grant leave to amend. Merely because a claim was not presented as promptly as possible, however, does not vest the district court with authority to punish the litigant." *Carson v. Polley*, 698 F.2d 562, 584 (5th Cir. 1982) (finding that delay of four months between time pro se attorneys were assigned to case and time second amended complaint was filed did not warrant denial of motion to amend).

On the other hand, the bare fact that an amendment is filed within the confines of the Court's Scheduling Order does not alone make a claim timely. *See Mayeaux,* 376 F.3d at 427. Instead, the Court must look to the "procedural posture" of the case to determine whether the delay actually prejudices the nonmovant. *See id*. at 426-27 ("The delay must be undue, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court.") (emphasis in original).

The Court issued a Scheduling Order setting forth the deadlines in this matter on May 8, 2013. *See* R. Doc. 127. This Order adopted those deadlines that were set in the Joint Case Management Order on April 22, 2013, which failed to provide an amended pleading deadline. *See* R. Doc. 121. Therefore, as to the confines of this Court's scheduling order, Plaintiffs' request is timely. The Court also finds that based on the newly discovered information as to Plaintiffs state law claims for unpaid wages, federal claims for failing to maintain payroll records, and LUPTA claims, the timing of Plaintiffs' motion is not in bad faith or the result of undue delay.

The trial in this matter is scheduled for August 25, 2014, which provides ample time for the parties to conduct additional discovery and prepare for trial. Accordingly this factor weighs in favor of granting Plaintiffs' proposed amended pleading as to the claims against Defendants for unpaid wages and penalty wages under Louisiana Revised Statutes §§ 23:631-632; for failure to maintain and preserve payroll and daily hours worked records required under the FLSA, and 29 C.F.R. § 516.1, 516.2 (7)-(12); and for violation of LUTPA because of unfair methods of competition and unfair or deceptive acts of practices.

**2**.  **Undue prejudice to the opposing party by allowing the amendment**

The second factor which Defendants dispute is whether or not to grant leave to amend pursuant to 15(a) is whether the amendment will cause an undue prejudice to the opposing party.

9

The Fifth Circuit has cautioned that amendments should not be permitted where they would "fundamentally alter the nature of the case." *Hebert v. Specialized Environmental Resources, LLC,* 2013 WL 1288219, at *4 (E.D. La. Mar. 23, 2013); *In re American International Refinery, Inc.*, 676 F.3d 455, 467 (5th Cir.2012) (noting that new allegations of fraud in bankruptcy proceeding would have "fundamentally altered" the nature of a case which had previously been limited to determination of whether one party possessed a conflict of interest warranting disgorgement of monies paid); *Mayeaux*, 376 F.3d at 427–28 (finding that complaint would be "fundamentally altered" where proposed amendment would destroy jurisdiction and "effectively reconstruc[ed] the case anew.").

Here, Plaintiffs indicate that the state law claims in their amended and supplemental complaint are "identical" to those claim already in this case, except that, the proposed state law claims cover weeks in which the hourly employees worked fewer than 40 hours. *See.* R. Doc. 175-1, p. 5. Furthermore, Plaintiffs contend that the same kind of evidence is used to prove the state law and federal law claims for the "automatic 30 minute meal breaks." *Id.* Therefore defendants will not be prejudiced by the addition of these new claims.

In opposition, Defendants contend that permitting this amendment will cause substantial prejudice to them, as Plaintiffs seek to add a new party and new claims, two of which involve "completely different theories of liability" from Plaintiffs original complaint only six weeks from the close of discovery. *See* R. Doc. 181, p. 14. Specifically, Defendants contend that Plaintiffs' LUPTA claim seeks "disgorgement of all profits that the Defendants have enjoyed as a result of their unfair and unlawful business practices," which would add completely new and complex elements to this case. *Id.* Defendants also argue that plaintiff's ability to obtain relief under LUPTA is

unlikely, and therefore their claims should not be permitted.

Plaintiffs filed a reply to Defendants opposition, arguing that this factor weighs in their favor, as any potential prejudice that Defendants face is outweighed by the "egregiousness of their actions" in allegedly using their GPS system to force their trucks to avoid taking mandatory breaks. *See* R. Doc. 189, p. 3-4. Furthermore, Plaintiffs argue that trial in this matter is not scheduled until August 25, 2014, therefore there is ample time for Defendants to obtain additional discovery and / or any additional expert reports. *Id.* at 4. Plaintiffs also argue that they will not oppose Defendants request for a continuance in pretrial deadlines if the allowance of this amendment causes them to fall outside of the deadlines established by this Court's scheduling order. *Id.*

Lastly, Plaintiffs argue that Defendants' argument that they seek to add state law wage claims on behalf of 148 individual plaintiffs and LUPTA and record-maintenance claims on behalf of 204 individual plaintiffs is not entirely correct, as the proposed amended pleadings seeks to add state law claims on behalf of 102 individual plaintiffs which occurred before January 1, 2011, of which 34 are already plaintiffs in this action. Therefore, Plaintiffs represent that the evidence on these claims is very similar to the evidence for the federal and state wage claims, which would not alter the nature of the case.

Considering the foregoing, the Court finds that the instant action would not be "fundamentally altered" by the Plaintiffs' proposed amendments as the causes of action being asserted parallel the claims already present in this suit. To the extent that the underlying claim would involve additional discovery as to new parties and / or new claims, the parties will have time do so as the discovery deadline does not run until March 31, 2014. As such, the Court finds that this factor also weighs in favor of granting Plaintiffs' request to amend as to the proposed claims against

11

Defendants for unpaid wages and penalty wages; for failure to maintain and preserve payroll and daily hours worked records; and for violations of LUTPA because of unfair methods of competition and unfair or deceptive acts of practices.

## IV. Conclusion

**IT IS ORDERED** that Plaintiffs' **Motion for Leave to File First Amended and Supplemental Complaint (R. Doc. 175)** is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS GRANTED** as to Plaintiffs' claims for unpaid wages and penalty wages under Louisiana Revised Statutes §§ 23:631-632; for failure to maintain and preserve payroll and daily hours worked records required under the FLSA, and 29 C.F.R. § 516.1, 516.2 (7)-(12); and for violation of LUTPA because of unfair methods of competition and unfair or deceptive acts of practices. Plaintiffs have **seven (7) days** from the issuance of this Order to file their pleading into the record.

**IT IS DENIED** as to Plaintiffs' request to add Progressive Waste Solutions of Louisiana.

New Orleans, Louisiana this 24th day of March, 2014.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**