UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TANYA LACKEY, ET AL.** | CIVIL ACTION |
| VERSUS | NO: 11-1087 |
| **SDT WASTE AND DEBRIS SERVICES, ET AL.** | SECTION: "H" (4) |

### ORDER

Before the Court is Plaintiffs, Tanya Lackey, et al.'s (collectively "Plaintiffs") **Motion to Compel Answers to Plaintiffs' First Request for Admissions and Production of Documents in Response to Plaintiffs' Third and Fourth Requests for Production of Documents and for Sanctions and Attorneys Fees (R. Doc. 202)**. The motion is opposed. *See* R. Doc. 208. The motion was heard by oral argument on April 23, 2014.

### I.    Background

This is a class action claim, where plaintiffs are several specific types of workers of Defendant, SDT. The Complaint alleges, *inter alia*, that SDT forced specific classes of employees to work during their 30-minute lunch breaks or risk termination, in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") (R. Doc. 1, p. 2). Under the FLSA and the Louisiana Whistleblower Act, La. Rev. Stat. Ann. § 23:967, plaintiffs allege that they are entitled to overtime benefits which SDT never paid. *Id.* at 5-6. Plaintiffs further allege that SDT engaged in unlawful retaliation by terminating the employment of those employees who complained about SDT's practices. *Id.* at 6-8.

As to the instant motion, Plaintiffs, Tanya Lackey, et al., (collectively "Plaintiffs") seek this

Court issue an Order compelling Defendants to respond to their First Request for Admissions and Production of Documents in Response to Plaintiffs' Third and Fourth Requests for Production of Documents, which were allegedly propounded on February 27, 2014. *See* R. Doc. 202-1, p. 2.

Plaintiffs contend that on April 1, 2014, Defendants served their objections to these discovery requests, they allegedly refused to answer the requests for admission, and failed to provide for inspection and copying any documents which were requested to be produced. *Id.* Plaintiffs contend that they conferred in a good faith attempt to resolve these issues on April 2, 2014, but they were unable to resolve them. Therefore, they filed the instant motion.

## II.     Standard of Review

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* In

assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.* at 26(b)(2)(C)(iii).

Rule 34 provides that a party may request another party to produce "any designated documents or electronically stored information ... stored in any medium from which information can be obtained." *Id.* at 34(a)(1)(A). This request "must describe with reasonable particularity each item or category of items to be inspected." *Id.* at 34(b)(1)(A). "The party to whom the request is directed must respond in writing within 30 days after being served." *Id.* at 34(b)(2)(A). "For each item or category, the response must either state that inspection ... will be permitted as requested or state an objection to the request, including the reasons." *Id.* at 34(b)(2)(B). Although Rule 34 does not provide that untimely objections are waived, the Fifth Circuit has found that the waiver provision applies equally to Rule 34. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989).

**III**.   **Analysis**

Plaintiffs contend that their discovery requests were timely propounded. Specifically, Plaintiffs contend that they propounded discovery requests by fax and email on February 27, 2014 to Defendants. Therefore, Plaintiffs contend that these requests could have been answered by Defendants within thirty days, or before the discovery deadline, on March 31, 2014. *See* R. Doc. 202-1, pp. 2-3. However, Plaintiffs contend that rather than provide responses, Defendants objected to these requests as untimely. Thus they seek an Order from this Court compelling responses.

In opposition, Defendants contend that even though Plaintiffs' requests were propounded on February 27, 2014, because they were faxed and emailed only, pursuant to Fed. R. Civ. P. 6(d), they

3

should be afforded three more days to respond to the discovery. Therefore, Defendants contend that the three additional days renders their responses due on April 1, 2014, one day outside the discovery period. As such, Defendants contend that Plaintiffs' requests are untimely. Furthermore, Defendants contend that Plaintiffs fail to cite any jurisprudence or provide any reasons in support of why they failed to seek discovery until the end of the discovery period, as this action has been pending since 2011. *See* R. Doc. 208. Therefore on this basis alone, Defendants contend that their motion to compel should be denied.

During oral argument, counsel for Defendants argued that in particular, Requests for Production Numbers 1, 2, 3, 4, and 6 all seek information which has already been produced by the parties throughout the course of this litigation. Specifically, Defendants contend that Request Numbers 1 and 2[1] sought for forms which drivers allegedly filled out during their employment with SDT. Thus, Defendants contend that Plaintiffs knew about these forms long before the case was filed. Defendants also contend that one of the forms was introduced in a deposition in October 2013, but Plaintiffs did not propound any requests until February 2014. Therefore, Defendants contend that Plaintiffs had knowledge of these forms long before February 2014, but provide no reason as to why they filed untimely discovery requests.

Defendants also contend that Request for Production Numbers 3, 4 and 6,[2] which sought for

---

[1] Request for Production Number 1, which sought for copies of all driver check out procedure forms dated from May 2008 until present such as those produced as "Exhibits P-56 A to P-56 LL to Charley Martin's deposition, for all plaintiffs in the lawsuit," and Request Number 2 which sought for copies of all forms dated from "May 2008 until present such as those produced as Exhibits P-55 to Charley Martin's deposition, for all plaintiffs in the lawsuit." *See* R. Doc. 202-1, p. 4.

[2] Request for Production Number 3 sought for copies of all memoranda (if any) "signed from May 2008 until present by any plaintiff in this lawsuit," and Request for Production Number 4 sought "for a copy of all records which indicate that either SDT or IESI or Progressive Waste paid any plaintiff in the lawsuit for working through his or her meal break for the period May 6, 2008 until present." *See* R. Doc. 202-1, pp. 4-6.

signed versions of several policy memoranda, as well as for documents related to Plaintiffs obtaining adjustments to their checks, were duplicative of timely requests and responses which Defendants already provided to Plaintiffs. Therefore, counsel for Defendants contend that they are under a duty to supplement, and need not reproduce materials that were produced as early as 2011.

After considering the parties arguments, the Court agreed with Defendants and found that Request for Production Numbers 1, 2, 3, 4, and 6, untimely sought production of information already requested and produced by Defendants in this action. Therefore, the Court found these requests were duplicative and unduly burdensome, in addition to being untimely propounded. As such, Plaintiffs' motion is denied as to Requests for Production Numbers 1, 2, 3, 4, and 6.

Lastly, Request for Production Number 5,[3] which sought copies of documents relating to a prior wage and hour investigation conducted by the Wage and Hour Division of the Department of Labor, was ultimately resolved by counsel for the Defendants, The Court notes that the Defendants objected to this request on relevancy grounds, noting that the investigation involved wage and hour, not lunch breaks, and did not pertain to drivers. However, despite the relevancy objection, counsel for the Defendants agreed to produce all the documents it had related to this investigation, but reserved their rights to object to the use of this information at trial. Thus, Plaintiffs' request as to Number 5 was therefore denied as moot.

## IV.    Conclusion

**IT IS ORDERED** that Plaintiffs, Tanya Lackey, et al.'s (collectively "Plaintiffs") **Motion to Compel Answers to Plaintiffs' First Request for Admissions and Production of Documents**

---

[3] Request for Production Number 5, sought for a copy of all documents relating to the Investigation of SDT Waste and Debris Services, LLC (Case Number 1556956), conducted by the District Office of the Wage and Hour Division of the Department of Labor in 2010. *See* R. Doc. 202-1, p. 5.

in Response to Plaintiffs' Third and Fourth Requests for Production of Documents and for Sanctions and Attorneys Fees (**R. Doc. 202**) is **DENIED IN PART** and **DENIED AS MOOT IN PART.**

**IT IS DENIED** as untimely and duplicative regarding Requests for Production Numbers 1, 2, 3, 4, and 6.

**IT IS DENIED AS MOOT** as to Request for Production Number 5, for the reasons assigned above.

New Orleans, Louisiana, this 29th day of April 2014.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**