UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TANYA LACKEY, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 11–1087** |
| **SDT WASTE AND DEBRIS SERVICES, LLC, ET AL.** | **SECTION "H"(4)** |

### ORDER AND REASONS

Before the Court is an appeal (R. Doc. 203) of the Magistrate Judge's decision (R. Doc. 197) granting Plaintiffs leave to file an amended complaint (R. Doc. 198). For the following reasons, the decision is REVERSED, and the amended complaint is hereby STRICKEN from the record.

### BACKGROUND

This is a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* The Plaintiffs are current or former employees of Defendant SDT Waste and Debris Services, LLC ("SDT"). For purposes of this appeal, only the procedural history is relevant.

1

Plaintiffs filed their original complaint on May 6, 2011.  On December 19, 2011, the Court granted conditional certification to proceed as a collective action.  Over the next seventy-five days, 372 individuals opted in to the class, bringing the total number of plaintiffs to 395.[1]  On January 31, 2012, the Court issued a scheduling order.  The deadline for amending pleadings was 30 days from the date of this order.

On January 8, 2013, Plaintiffs filed an unopposed motion to continue trial and all pre-trial deadlines.  The Court granted the motion on February 25, 2013 and set a follow-up status conference for March 28, 2013.  During that conference, the Court vacated its scheduling order and ordered the parties to submit a joint case management order within 45 days.  The parties filed the joint case management order on April 22, 2013, which the Court adopted in part on April 25, 2013.  The new scheduling order does not contain a deadline for amending pleadings.

On February 12, 2014, Plaintiffs moved for leave to file an amended complaint.  The amended complaint sought to add: (1) Progressive Waste Solutions of LA, Inc. ("Progressive") as a defendant; (2) a cause of action under Louisiana law for unpaid wages; (3) a cause of action under the Louisiana Unfair Trade Practices and Consumer Protection Law ("LUTPA"),  La. Rev. Stat. § 51:1401 *et seq.*; and (4) a cause of action under the FLSA for failure to maintain payroll records.  On March 24, 2014, the Magistrate Judge issued an order granting the motion in part, allowing

---

[1] The current number of plaintiffs is 204.

2

Plaintiffs to add new causes of action but denying the request to add Progressive as a defendant. Defendants appealed this order to the district court on April 7, 2014. The appeal came under submission on May 28, 2014.

## LEGAL STANDARD

With the consent of the presiding district judge, a magistrate judge may adjudicate non-dispositive pre-trial motions. 28 U.S.C. § 636(b)(1)(A). A magistrate judge is afforded broad discretion in resolving such motions. *McCallon v. BP Am. Prod. Co.*, Nos. 05–0597, C/W 05–0700, 2006 WL 3246886, at *2 (E.D. La. Nov. 8, 2006). A party aggrieved by the magistrate judge's ruling may appeal to the district judge within fourteen days after service of the ruling. Fed. R. Civ. P. 72(a). The district judge may reverse only upon a finding that the ruling is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). In order to meet this high standard, the district judge must be "left with a definite and firm conviction that a mistake has been committed." *Yelton v. PHI, Inc.*, 284 F.R.D. 374, 376 (E.D. La. 2012) (internal quotation marks omitted).

**LAW AND ANALYSIS**

The magistrate judge analyzed Plaintiffs' motion under Rule 15(a).[2] Rule 15(a)(2) provides that leave to amend a pleading should be given "freely . . . when justice so requires."  While the language of Rule 15(a) evinces a bias in favor of granting leave to amend, *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004), leave "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).  The "generous standard" set forth in Rule 15(a) "is tempered by the necessary power of a district court to manage a case." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).  In exercising its broad discretion, *Foman v. Davis*, 371 U.S. 178, 182 (1962), the trial court considers factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 678 (5th Cir. 2013).  The Court applies these factors separately to each new cause of action in the amended complaint.

---

[2] Defendants contend application of Rule 15(a) was inappropriate.  Rule 16(b)—the "good cause" standard—governs amendment of pleadings after a deadline has passed. *E.E.O.C v. Serv. Temps Inc.*, 679 F.3d 323, 333–34 (5th Cir. 2012).  Thus, with respect to an untimely motion to amend, a party must show good cause before the trial court will apply the more liberal standard set forth in Rule 15(a). *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).  Citing this Court's January 31, 2012 scheduling order, Defendants contend the deadline for amending pleadings was March 2, 2012 and that therefore Rule 16(b)(4) provided the controlling standard.  The magistrate judge disagreed, finding that the scheduling order had been vacated and that this Court never set a new deadline for amending pleadings.  The Court need not resolve this dispute.  Even assuming *arguendo* that Rule 15(a) applies, Plaintiffs still should not have been granted to leave to amend, as explained more fully *infra*.

4

I.     Unpaid Wages Under Louisiana Law

The Magistrate Judge found that Plaintiffs' new cause of action for unpaid wages was not the product of undue delay. Plaintiffs consulted an "expert" on lost wages claims, who, on January 15, 2014, opined that Plaintiffs could assert a viable claim under Louisiana law. On the basis of this report, the Magistrate Judge concluded that the claim was based on newly discovered information and that therefore Plaintiffs did not unreasonably delay in seeking leave to amend.

The Court respectfully disagrees. Plaintiffs' unpaid wages claim is not based on newly discovered information. Rather, the claim derives from a new analysis of data previously obtained. Plaintiffs appear to concede this point in their motion documents.[3] The law is clear that a trial court may deny leave to amend where "the facts underlying the amended complaint were known to the party when the original complaint was filed." *In re Southmark Corp.*, 88 F.3d 311, 316 (5th Cir. 1996); *see also Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 644 (5th Cir. 2007) (affirming denial of leave to amend where "factual underpinnings" of proposed amendment were previously known to plaintiffs); *Barrett v. Indep. Order of Foresters*, 625 F.2d 73, 75 (5th Cir. 1980) (affirming

---

[3] *See* R. Doc. 175-1 at ¶7 ("The state law wage claims of the plaintiffs arose out of the conduct, transaction, or occurrence set out-or [sic] attempted to be set out-in [sic] the original pleading."); *id.* at ¶9 ("The state claims in the [first amended and supplemental complaint] are identical. The only difference is that the state law claims cover weeks in which the hourly employees worked fewer than 40 hours. The same kind of evidence is used to prove the state law and federal law claims."); *id.* at ¶10 ("The state law claims in the [first amended and supplemental complaint] are proven with the same evidence."); R. Doc. 189 at ¶9 ("The evidence is the same for the state and federal claims for unpaid wages."); R. Doc. 225-1 at ¶5 ("The state law claim is proved with the wage records that were already obtained by the plaintiffs to prove the overtime wage claims under the FLSA.").

5

denial of leave to amend where "there . . . appear[ed] to be no matter that [the plaintiff] proposed to add which could have not have been raised initially."); *cf. Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979) (affirming denial of leave to amend where plaintiff's counsel admitted  "that all of the facts relevant to the proposed amendment were known to [her] at the time she filed her original complaint.").

Plaintiffs have failed to provide any reasonable justification for waiting approximately thirty-three months to add a claim based on evidence available at the time the initial complaint was filed. Such neglect constitutes undue delay and requires reversal of the Magistrate Judge's decision. *See Daves v. Payless Cashways, Inc.*, 661 F.2d 1022, 1025 (5th Cir. 1981) ("Liberality in pleading does not bestow on a litigant the privilege of neglecting her case for a long period of time.").

II.     Violation of the LUPTA

The Magistrate Judge found that Plaintiffs' LUPTA claim was not the product of undue delay. The Magistrate Judge further found that allowing Plaintiffs to assert a LUPTA claim would not cause undue prejudice.  On the latter point, the Court respectfully disagrees.

The LUPTA provides a private right of action to any person injured by "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." La. Rev. Stat. §§ 51:1409A, 51:1405A.  A trade practice is unfair  "only when it offends established public policy and is immoral, unethical, oppressive or unscrupulous." *Computer Mgmt. Assistance Co. v. Robert F. DeCastro, Inc.*, 220 F.3d 396, 404 (5th Cir.2000).  The overarching purpose of the

6

LUPTA is to preserve the integrity of the free market by restraining anti-competitive behavior. *See Omnitech Int'l, Inc. v. Clorox Co.*, 11 F.3d 1316, 1331 (5th Cir. 1994).

Plaintiffs' LUPTA claim is separate and distinct from their claims for lost wages.[4] The former appears to stem from the deposition of an SDT representative, who allegedly testified that SDT engaged in unlawful bidding activity. In order to litigate this claim, the parties would be required to conduct additional discovery as to, at a minimum, (1) the contracts SDT was awarded in the past; (2) the competitors that bid on those contracts; (3) and the mechanics of the bidding process.[5] By the time the Magistrate Judge issued her opinion, only seven days remained for discovery under the Court's scheduling order.[6] Under these circumstances, it was clear error to find that Defendants were not prejudiced. *See Smith*, 393 F.3d at 596 ("A defendant is prejudiced if an added claim would require the defendant to reopen discovery and prepare a defense for a claim different from the [one] . . . that was before the court.") (alterations in original) (internal quotation

---

[4] To the extent Plaintiffs argue the LUPTA claim derives from the same evidence as their wage loss claim, the failure to seek leave to amend earlier in the litigation constitutes undue delay for the reasons explained in the previous subsection.

[5] Whether a trade practice is unfair under the LUPTA is a question of fact. *See Tubos de Acero de Mex., S.A. v. Am. Int'l Inv. Corp., Inc.*, 292 F.3d 471, 480 (5th Cir. 2002). Thus, allowing the LUPTA claim to proceed would likely require discovery on a myriad of other factual issues.

[6] The Magistrate Judge noted in her March 24, 2014 order that ample time existed to conduct additional discovery because trial would not commence until August 25, 2014. As mentioned *supra*, however, the discovery deadline was set to expire seven days from the issuance of her order. To the extent the Magistrate Judge found no prejudice because she assumed the Court would continue the discovery deadline, that assumption is erroneous.

marks omitted); *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004) ("[W]hen late tendered amendments involve new theories of recovery and impose additional discovery requirements, courts [of appeal] are less likely to find an abuse of discretion due to the prejudice involved.") (second alteration in original) (internal quotation marks omitted).

III.    <u>Failure to Maintain Payroll Records</u>

The Magistrate Judge found that Plaintiffs' claim for failure to maintain payroll records was not the product of undue delay and that the late amendment would not prejudice Defendants. The Court need not address these findings, because it finds another Rule 15(a) factor—futility—dispositive of Plaintiffs' motion for leave to amend.

Section 215(a)(5) of the FLSA provides that it is unlawful to violate Section 211(c), which imposes on employers the record-keeping requirements under which Plaintiffs attempt to assert a claim. *See* 29 U.S.C. §§ 215(a)(5); 211(c). The FLSA, however, only provides a private right of action for violations of Sections 206, 207, and 215(a)(3). *See* 29 U.S.C. § 216(b); *Arencibia v. 2401 Rest. Corp.*, 831 F. Supp. 2d 164, 181 (D. D.C. 2011). Under the interpretative cannon *expressio unius est exclusio alterius*, the Court finds that Congress did not intend to create a private right of action for violation of the FLSA's record-keeping requirements. *See Barnhart v. Peabody Coal Co.*, 537 U.S. 149, 168 (2003) (finding the canon persuasive "when the items expressed [in a statutory listing or grouping] are members of an associated group or series, justifying the inference that items not mentioned were excluded by deliberate choice, not inadvertence.") (internal quotation

8

marks omitted).  The statutory scheme confirms this interpretation.[7]  *See Perez v. T.A.S.T.E. Food Prods., Inc.*, No. 5:13–CV–655–DAE, 2014 WL 412327, at *5 (W.D. Tex. Feb. 3, 2014).  Moreover, every court to consider the issue has held that private parties lack standing to enforce the FLSA's record-keeping provisions.  *See, e.g.*, *Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 844 (6th Cir. 2002); *Cunningham v. Elec. Data Sys. Corp.*, 579 F. Supp. 2d 538, 543 (S.D. N.Y. 2008); *Petty v. Russell Cellular, Inc.*, No. 2:13–cv–1110, 2014 WL 340417, at *2 (S.D. Ohio Jan. 30, 2014); *Navarro v. Mercedes Benz of Encino*, No. 12–08051–RGK(MRWx), 2013 WL 518577, at *5 (C.D. Cal. Jan. 25, 2013); *Arencibia*, 831 F. Supp. 2d at 181; *Perez*, 2014 WL 412327, at *5.  Given the foregoing, the Magistrate Judge committed legal error by allowing Plaintiffs to assert a futile claim.  The Court notes that dismissal of the record-keeping claim does not preclude Plaintiffs from presenting evidence of record-keeping violations to prove that Defendants willfully violated the FLSA's overtime wage provisions.  *See Elwell*, 276 F.3d at 844; *Perez*, 2014 WL 412327, at *5–6; *Russel*, 2014 WL 340417, at * 3.

**CONCLUSION**

---

[7] The Supreme Court has cautioned that an interpretation supported by the cannon loses force when it runs contrary to other textual and contextual evidence of congressional intent.  *United States v. Vonn*, 535 U.S. 55, 65 (2002).

For the reasons previously stated, the Magistrate Judge's decision is reversed, and the amended complaint is stricken from the record.

New Orleans, Louisiana, this 23rd day of June, 2014.

                                                **JANE TRICHE MILAZZO**
                                                **UNITED STATES DISTRICT JUDGE**