**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


**TANYA LACKEY, ET AL.**                                          **CIVIL ACTION**


**VERSUS**                                                        **NO: 11–1087**


**SDT WASTE AND DEBRIS SERVICES, LLC, ET AL.**                    **SECTION "H"(4)**


### ORDER AND REASONS

Before the Court are the following Motions filed by Defendants: (1) Motion for Partial Summary Judgment as to all Claims of Plaintiff Lester Harrison (R. Doc. 244); (2) Motion for Partial Summary Judgment Regarding Plaintiffs' FLSA Retaliation Claims (R. Doc. 245); (3) Motion for Partial Summary Judgment Regarding Plaintiffs' State-Law Whistleblower Claims (R. Doc. 246); and (4) Motion *in Limine* to Exclude the Testimony of Don Strobel (R. Doc. 242). For the following reasons, the Motions are GRANTED, except for the Motion for Partial Summary Judgment Regarding Plaintiffs' FLSA Retaliation Claims, which is GRANTED IN PART and DENIED IN PART. Plaintiffs' whistleblower claims, all claims asserted by Lester Harrison, and all retaliation claims

1

(with one exception) are DISMISSED WITH PREJUDICE.  Additionally, Don Strobel is PRECLUDED

from offering expert testimony at trial.


**BACKGROUND**

This is a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

The Plaintiffs are current or former employees of Defendant SDT Waste and Debris Services, LLC

("SDT").  Plaintiffs seek to recover overtime compensation under the FLSA.  Plaintiffs have also

asserted retaliation claims under the FLSA and whistleblower claims under Louisiana state law.

Plaintiffs filed their original complaint on May 6, 2011.  On December 19, 2011, the Court

granted conditional certification to proceed as a collective action.  Over the next seventy-five days,

372 individuals opted in to the class, bringing the total number of plaintiffs to 395.  Following

various pre-trial rulings, only 202 plaintiffs remain.


**LEGAL STANDARD**

I.      Summary Judgment—Fed. R. Civ. P. 56

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories,

and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ.

P. 56(c) (2012).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury

could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).  "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."  *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).  Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  "In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial." *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).  "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."  *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).  Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise

3

properly supported motion." *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

II.     Admissibility of Expert Testimony—Fed. R. Evid. 702

The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which

provides as follows:

> A witness who is qualified as an expert by knowledge, skill,
> experience, training, or education may testify in the form of an
> opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge
> will help the trier of fact to understand the evidence or to determine
> a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods;
> and
> (d) the expert has reliably applied the principles and methods to the
> facts of the case.

Fed. R. Evid. 702. The current version of Rule 702 reflects the Supreme Court's decisions in *Daubert*

*v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526

U.S. 137 (1999).

The threshold inquiry is whether the expert possesses the requisite qualifications to render

opinion on a particular subject. *Wagoner v. Exxon Mobil Corp.*, 813 F. Supp. 2d 771, 799 (E.D. La.

2011); *see also Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999) ("A district court should refuse

to allow an expert witness to testify if it finds that the witness is not qualified to testify in a

particular field or on a given subject.").  Having defined the permissible scope of the expert's

testimony, a court next inquires whether the opinions are reliable and relevant. *See United States*

4

*v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).


## LAW AND ANALYSIS

Defendants have filed three motions for partial summary judgment and a motion *in limine* to exclude the expert testimony of Don Strobel.  The Court addresses each motion separately.

I.   Motion for Partial Summary Judgment as to FLSA Retaliation Claims

Plaintiffs allege their employment was terminated after complaining about not receiving overtime compensation.  The FLSA sets forth employment rules concerning minimum wages, maximum wages, and overtime.  *Kasten v. Saint–Gobain Performance Corp.*, 131 S. Ct. 1325, 1329 (2011).  One of those rules prohibits employers from retaliating against an employee "because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."  29 U.S.C. § 215(a)(3).  An oral complaint is protected activity under this provision, provided that the complaint is "sufficiently clear and detailed for a reasonable employer to understand it . . . as an assertion of rights protected by the [FLSA] and a call for their protection."  *Kasten*, 131 S. Ct. at 1335.

The Fifth Circuit applies the familiar *McDonnell Douglas* burden-shifting framework to retaliation claims under the FLSA that depend upon circumstantial evidence. *See Hagan v. Echostar Satellite, L.L.C.*, 529 F.3d 617, 624 (5th Cir. 2008). Under this framework, a plaintiff must first make

a *prima facie* showing of (1) participation in protected activity under the FLSA; (2) an adverse employment action; and (3) a causal link between the activity and the adverse action. *Id.* If a plaintiff makes this showing, he is entitled to a presumption of discrimination. *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004). The employer must then rebut this presumption by providing a legitimate, non-retaliatory reason for the adverse employment action. *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 439 (5th Cir. 2012). If the employer is successful, the burden shifts back to the plaintiff to prove the proferred reason is mere pretext. *Hagan*, 529 F.3d at 324.

As a preliminary matter, Defendants contend only 5 of the remaining 202 plaintiffs—Freddie Morrison ("Morrison"), Demond Magee ("Magee"), Leontine Morgan ("Morgan"), Johnny L. Smiith, III ("Smith"), and Jason Whitaker ("Whitaker") (collectively the "Retaliation Plaintiffs")—arguably assert retaliation claims. Having identified the absence of evidence supporting a claim on behalf of the other 197 Plaintiffs, the burden shifts to Plaintiffs to identify specific evidence in the record that creates a genuine issue of material fact. *See Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). Plaintiffs have utterly failed to identify any such evidence. In fact, Plaintiffs have not even identified by name which parties are asserting a retaliation claim. Given the foregoing, the Court has no choice but to dismiss all retaliation claims except those asserted by the Retaliation Plaintiffs.

The Court now applies the *McDonnell Douglas* burden-shifting framework. Defendants appear to concede the Retaliatory Plaintiffs establish a *prima facie* case of retaliation, choosing

6

instead to focus their attack on rebutting the presumption of retaliation and arguing that pretext has not been established.  Accordingly, the Court assumes *arguendo* the Retaliatory Plaintiffs have met their initial burden.

    A. *Morrison*

In order to rebut the presumption of retaliation, Defendants have submitted the declaration of Morrison's supervisor—Jason McDaniel ("McDaniel").  Morrison worked as a driver for SDT.  McDaniel attests that Morrison was fired because he was instructed to drive a particular route but refused.  Defendants have submitted a separation notice that supports this declaration.  The notice is dated March 11, 2011—more than three years prior to the filing of the instant Motion. Given the foregoing, the Court finds Defendants have carried their burden of establishing a legitimate, non-retaliatory reason for terminating Morrison's employment.

The burden now shifts to Morrison to establish that the proferred reason for his termination was pretextual.  *Hagan*, 529 F.3d at 624.  In order to carry this burden, Morrison must show that he would not have been fired but for engaging in protected activity under the FLSA.  *See Long v. Eastfield College*, 88 F.3d 300, 308 (5th Cir. 1996).  "While this portion of the analysis may seem identical to the 'causal link' step in the prima facie case, the burden here is more stringent." *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 685 (5th Cir. 2001); *see also Long*, 88 F.3d at 305 n.4 ("[E]ven if a plaintiff's protected conduct is a substantial element in a defendant's decision to terminate an employee, no liability for unlawful retaliation arises if the employee would have been

terminated even in the absence of the protected conduct.").

Morrison has provided a declaration in which he attests his employment was terminated for complaining to McDaniel about overtime compensation.  As a preliminary matter, this declaration is not supported by anything in the record other than a one-sentence response to an interrogatory.  The law is a clear that a self-serving declaration lacking adequate record support is not competent summary judgment evidence.  *See Spring St. Partners-IV, L.P. v. Lam*, 730 F.3d 427, 441 n.7 (5th Cir. 2013)*; DIRECTV, Inc. v. Budden*, 420 F.3d 521, 531 (5th Cir. 2005).

Morever, even assuming the declaration contained adequate record support, the contents of the declaration do not establish a conflict of substantial evidence.  *See Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 660 (5th Cir. 2012) ("[A] plaintiff may avoid summary judgment on 'but for' causation by demonstrating 'a conflict in substantial evidence on this ultimate issue.'") (quoting *Long*, 88 F.3d at 308).  Morrison's declaration describes an incident in which he was summoned to McDaniel's office to discuss his complaint for overtime compensation.  He attests that he was physically attacked by McDaniel and then fired a few days later.  Noticeably absent from the declaration is any indication as to what the parties talked about or what precipitated the altercation.  These holes in Morrison's declaration leave too big an inferential leap to establish but-for causation, given the lack of evidence to controvert McDaniel's declaration and, more importantly, the notice of separation.  Because Morrison has failed to establish a genuine issue of material fact, his retaliation claim is dismissed with prejudice.

B. *Magee*

SDT employed Magee as a hopper.  McDaniel's declaration states that Magee voluntarily resigned from this position.  A separation notice supports McDaniel's declaration.  Accordingly, Defendants have carried their burden of rebutting the presumption of retaliation.

In order to prove but-for causation, Magee relies solely on his four-sentence response to an interrogatory.  Absent other corroborating evidence in the record, this bare-bones response is insufficient as a matter of law to defeat summary judgment.  Moreover, the only allegation of causation in the response is as follows: "Plaintiff states that he was terminated for refusal to help another route pick up after he did his route."  Plaintiff does not even allege that he complained of a FLSA violation to his superior, much less that a complaint was the but-for cause of his termination.  Accordingly, summary judgment is appropriate as to Magee's claim for retaliatory discharge, which is dismissed with prejudice.

C. *Morgan*

SDT employed Morgan as a hopper.   David Petit—the operations manager of SDT—submitted a declaration in which he attests that Morgan's employment was terminated for refusing to service a route.  The Court finds this evidence sufficient to satisfy Defendants' burden of production, even in the absence of other documentary evidence.  *Cf. McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007) (" The employer's burden is only one of production, not persuasion, and involves no credibility assessment.").

9

Morgan relies solely on a two-sentence response to an interrogatory to establish pretext, which provides as follows: "Plaintiff was terminated from his employment. Plaintiff states the truck he was driving broke down in Slidell and Mr. Preitt [sic] wanted him to return to Slidell while on the clock but without pay." This gaunt response cannot, without more, suffice to create a genuine issue of material fact. Accordingly, Morgan's retaliation claim is dismissed with prejudice.

D. *Smith*

SDT employed Smith as a hopper. McDaniel's declaration states that Smith's employment was terminated because (1) he cursed at a supervisor, and (2) his work was unsatisfactory. A separation notice supports this declaration. Accordingly, the Court finds Defendants have rebutted the presumption of retaliation.

The burden now shifts to Smith to establish he would not have been terminated but-for engaging in protected activity. Smith's evidence consists solely of the following one-sentence response to an interrogatory: "Plaintiff was terminated because he refused to do extra work without getting paid for it." Smith cites to no corroborating evidence of this statement, nor can the Court find any. Accordingly, Smith has failed to establish a genuine dispute of material fact regarding pretext. His retaliation claim is dismissed with prejudice.

E. *Whitaker*

Defendants attempt to rebut the presumption of retaliation by citing the declarations of McDaniel and the Division Manager of the company that now owns SDT, Henry Gonlag ("Gonlag").

10

Specifically, Defendants cite the following global statement in both declarations: "SDT did not fire anyone for complaining about not getting paid for all time worked." Neither McDaniel nor Gonlag mentions Whitaker by name, nor do Defendants identify any other evidence to establish the basis for Whitaker's termination.

The Court finds this evidence insufficient to establish a legitimate, non-retaliatory justification for terminating Whitaker's employment. It is well established that "to meet its burden of production under *McDonnell Douglas*, an employer must articulate a nondiscriminatory reason with '*sufficient clarity*' to afford the employee a realistic opportunity to show that the reason is pretextual." *Ridge*, 394 F.3d at 317 (emphasis in original) (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 255 (1981)). McDaniel and Gonlag's declarations lack the requisite specificity to put Whitaker on notice regarding the reason for his termination. Accordingly, summary judgment is denied, and Whitaker's retaliation claim shall remain pending. *See Ridge*, 394 F.3d at 417 ("[T]o rebut an employee's *prima facie* case, a defendant employer must articulate in some detail a more specific reason than its own vague and conclusional feeling about the employee."); *Burdine*, 450 U.S. at 255 (finding that in order to meet its summary judgment burden, "the defendant must *clearly* set forth, through the introduction of admissible evidence, the reasons for the plaintiff's rejection.") (emphasis added).

II.    Motion for Partial Summary Judgment as to Whistleblower Claims

Plaintiffs globally allege in the complaint that their employment was terminated for

"operating and driving trucks which were in unsafe conditions" in violation of Louisiana's Whistleblower Statute. As with their FLSA retaliation claims, Plaintiffs have not identified by name which parties are asserting whistleblower claims. Defendants contend there are only four: Patty Lynn Barrow ("Barrow"), Ernest Blunt ("Blunt"), Joan Daniels ("Daniels"), and Terry Johnson ("Johnson"). Plaintiffs have failed to identify any other parties and concede that the claims of Daniels and Johnson have prescribed. Accordingly, all whistleblower claims asserted by parties other than Barrow and Blunt are dismissed with prejudice.

The Louisiana Whistleblower Statute prohibits employers from retaliating against an employee for reporting or refusing to participate in illegal work practices. La. Rev. Stat § 23:697. The Louisiana Supreme Court has not yet addressed whether a whistleblower plaintiff must prove an actual violation of state law. *See Accardo v. La. Health Servs. & Indem. Co.*, 943 So. 2d 381, 383 (La. Ct. App. 1st Cir. 2006) (per curiam). Accordingly, the Court must hazard an "*Erie* guess" as to how the Louisiana Supreme Court would decide the issue.[1] *Hermann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 558 (5th Cir. 2002). In making this guess, the Court defers to lower court decisions, absent persuasive evidence the Louisiana Supreme Court would rule otherwise. *Cerda v. 2004-EQR1 L.L.C.*, 612 F.3d 781, 794 (5th Cir. 2010).

Every Louisiana appellate court to address the issue has held that a plaintiff must prove an

---

[1] The "*Erie* guess" analysis also applies where, as here, the Court exercises supplemental jurisdiction over state-law claims. *See Sommers Drug Stores Co. Emp. Profit Sharing Trust v. Corrigan*, 883 F.2d 345, 353 (5th Cir. 1989); *accord Bott v. J.F. Shea Co., Inc.*, 388 F.3d 530, 533 n.3 (5th Cir. 2004).

12

*actual* violation of state law to prevail on a whistleblower claim.  *See Accardo*, 943 So. 2d at 386; *Hale v. Touro Infirmary*, 886 So. 2d 1210, 1215 (La. Ct. App. 4th Cir. 2004); *Puig v. Greater New Orleans Expressway Comm'n*, 772 So. 2d 842, 845 (La. Ct. App. 5th Cir. 2000).  The federal courts have arrived at the same conclusion.  *See Goulas v. LaGreca*, 945 F. Supp. 2d 693, 702 (E.D. La. 2013); *Crowe v. Se. Cmty. Health Sys.*, No. 10–2838, 2014 WL 1456352, at *9 (E.D. La. Apr. 15, 2014).  Accordingly, the Court holds that an actual violation of state law is a *prima facie* element of a whistleblower claim under Louisiana law.

Given the foregoing, Defendants are entitled to summary judgment.  Daniels and Johnson rely solely on interrogatory responses to survive summary judgment.  In response to an interrogatory which asked for, *inter alia*, the cause of her termination, Daniels stated that "she was terminated twice because she refused to drive an unsafe truck both times."  Johnson responded to the same interrogatory as follows: "Plaintiff states he was terminated for refusal to drive an unsafe truck.  He states that his truck broke down and he notified the dispatcher and his supervisor.  His supervisor told him to drive like it was, and he refused and was terminated." Neither of these responses identifies the state law that SDT actually violated.  Plaintiffs belatedly attempt to provide this information in their opposition memorandum, citing to Louisiana Revised Statute § 32:1301.  This statute provides that "[n]o person shall drive . . . any motor vehicle . . . unless the equipment upon any such vehicle is in good working order and adjustment as required in this Chapter and said vehicle is in such safe mechanical condition as not to endanger the driver

13

or other occupant or any person upon the highway." La. Rev. Stat. § 32:1301. Daniels and Johnson have failed to submit any evidence as to (1) the mechanical problem that cause their vehicles to be unsafe, (2) how that mechanical problem violated state law, (3) and how that mechanical problem endangered the driver, occupant, or any other person on the highway. Daniels and Johnson have therefore failed to create a genuine issue of material fact as to an essential element of their whistleblower claims.[2]  Accordingly, those claims are dismissed with prejudice.

III.   Motion for Partial Summary Judgment as to Lester Harrison's Claims

Defendants move for partial summary judgment as to all of Lester Harrison's ("Harrison") claims, arguing that Harrison was not employed by SDT. Although Harrison has chosen not to file an opposition, the Court may not simply grant the instant Motion as unopposed. The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion. *See, e.g.*, *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012); *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); *John v. State of La. (Bd. of Trs. for State Colls. & Univs.)*, 757 F.2d 698, 709 (5th Cir. 1985). Indeed, on a motion for summary judgment, the moving party still "has the burden of establishing that there is no genuine dispute of material fact; and, unless that party does so, a court may not grant the motion,

---

[2] A state-law whistleblower claim has four elements. *Hale*, 886 So. 2d at 1216. A plaintiff must establish that (1) the defendant violated state law; (2) he or she advised the defendant of the violation; (3) he or she then refused to participate in the violation or threatened to disclose the violation; and (4) he or she was fired as a result of the refusal to participate in the violation. *See id.*

14

regardless [of] whether any response is filed." *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 550 (5th Cir. 2012).  In this District, however, the failure to file an opposition requires the Court to deem the moving party's statements of uncontested material facts admitted.  *See* L.R. 56.2.

Based on Defendants' statement of uncontested material facts and this Court's independent review of the record, there is no genuine dispute of material fact as to whether Harrison was employed by SDT during the relevant time period.  Harrison's employment with SDT did not commence until three months after SDT was sold to another entity.  Therefore, Harrison cannot assert any employment-based claims against SDT.  His claims are dismissed with prejudice.

IV.    Motion *in Limine* to Exclude the Testimony of Don Strobel

Plaintiffs retained Don Stroble ("Stroble") to "analyze and evaluate the alleged violations alleged" in this case  (R. Doc. 242-2).  Defendants move this Court for an *in limine* ruling excluding Stroble's testimony.  As explained more fully below, Stroble's report offers impermissible legal conclusions, and his common sense analysis of the facts invades the province of the jury. Accordingly, Stroble will not be permitted to testify at trial.

Federal Rule of Evidence Rule 704(a) abolished the *per se* rule against testimony regarding ultimate issues of fact.  *Owen v. Kerr-McGee*, 698 F.2d 236, 239 (5th Cir. 1983).  It provides as follows: "An opinion is not objectional just because it embraces an ultimate issue." Fed. R. Evid. 704(a).  "Rule 704, however, does not open the door to all opinions."  *Owen*, 698 F.2d at 240.  The Fifth Circuit has repeatedly held that Rule 704 does not authorize experts to render legal opinions.

15

*Goodman v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009); *United States v. $9,041,598.68*, 163 F.3d 238, 255 (5th Cir. 1998); *Snap-Drape, Inc. v. C.I.R.*, 98 F.3d 194, 198 (5th Cir. 1996); *Owen*, 598 F.2d at 240. It is the job of the Court—not the expert—to instruct the jury on the applicable law.  *See Askanase v Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997) ("[O]ur legal system reserves to the trial judge the role of deciding the law for the benefit of the jury.").

Strobel's expert report is rife with impermissible legal conclusions.  Strobel pontificates at length regarding the requirements of the FLSA and its state-law counterpart.  He ultimately concludes that Defendants willfully violated the FLSA.  For these reasons alone, Strobel's report should be stricken in its entirety.  *See Little v. Technical Specialty Prods., LLC*, 940 F. Supp. 2d 460, 468 (E.D. Tex. 2013) (striking expert report in FLSA case which consisted "almost entirely of legal analysis and conclusions").

Strobel's testimony will also be excluded because it is not relevant.  Expert testimony is relevant if it "will help the trier of fact to understand the evidence or determine a fact at issue." Fed. R. Evid. 702(a).  Expert testimony is not helpful "when the jury could adeptly assess [the] situation using only their common experience and knowledge."  *See Peters v. Five Star Marine Serv.*, 898 F.2d 448, 450 (5th Cir. 1990).

Strobel ominously foreshadows the extent to which his report invades the province of the jury.  Under the subheading "Facts, Regulations, and Opinions," the report reads as follows:

Facts to be determined – The disputes in this case are:

1.  Were the employees authorized to take meal breaks?
2.  Did they in fact take meal breaks?
3.  If they did not take meal breaks [sic] was the employer aware that the breaks were not being taken?
4.  If the breaks were not taken and the employer was aware they were not taken, should the violations be considered "willful" and thus extend the statute of limitations to three (3) years rather than the normal two (2) year period?
5.  What is the measure of damages in this case?

These are precisely the ultimate factual determinations to be made by the jury; not the expert.[3]  Moreover, Strobel bases his findings on (1) deposition testimony, (2) a company policy, (3) GPS records for SDT trucks, (4) and employee time records.  The jury is fully capable of reviewing this evidence without expert assistance and arriving at its own conclusions.  Accordingly, Strobel's opinions are not relevant, and he will not be permitted to offer expert testimony at trial.

---

[3] Indeed, the layout of this section is reminiscent of a jury verdict form in a FLSA overtime case.

17

**CONCLUSION**

For the reasons previously stated, the Motion for Partial Summary Judgment Regarding Plaintiffs' State-Law Whistleblower Claims, the Motion for Partial Summary Judgment as to all Claims of Lester Harrison, and the Motion *in Limine* to Exclude the Testimony of Don Strobel are granted.  The Motion for Partial Summary Judgment Regarding Plaintiffs' FSLA Retaliation Claims is granted in part and denied in part.  The only claims remaining for trial are the FLSA overtime claims and Whitaker's FLSA retaliation claim.

New Orleans, Louisiana, this 6th day of August, 2014.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

18