UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TANYA LACKEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-1087** |
| **SDT WASTE AND DEBRIS SERVICES, LLC ET AL.** | **SECTION "H"(4)** |

### ORDER AND REASONS

Before the Court is a Joint Motion for Settlement Approval (R. Doc. 301). Accordingly, the Motion is GRANTED, the settlement is ACCEPTED, and the case is DISMISSED WITH PREJUDICE.

### BACKGROUND

In this case, 200 opt-in plaintiffs brought suit under the Fair Labor Standards Act (FLSA) against their former or current employer SDT Waste & Debris Services, its owner Sidney D. Torres IV, its Vice President Jason McDaniel, and its operations manager Henry Gonlag (collectively, "Defendants").

1

Plaintiffs allege that while Defendants deducted 30 minutes per day from Plaintiffs' paid time for a lunch break, they were not permitted to stop working to eat.  Plaintiffs allege that this practice resulted in work for which they were not paid and that this work was in excess of forty hours per week.  Accordingly, Plaintiffs brought this collective action for unpaid overtime.  The settlement agreement at issue is the culmination of more than three years of litigation.  Because this case arises under the FLSA, this Court must approve of the fairness of the settlement.[1]  For the following reasons, the settlement is accepted.

## LAW AND ANALYSIS

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."[2]  To pass muster, a settlement agreement must be both (1) the product of a bona fide dispute and (2) fair and reasonable.[3]  This Court will analyze the fairness of the settlement agreement at issue accordingly.

**A. Bona Fide Dispute**

In determining whether a bona fide dispute exists, the court must look for a genuine dispute as to the defendants liability under the FLSA.  "This is because the provisions of the FLSA are mandatory, and not subject to

---

[1] *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1353 (11th Cir. 1982).

[2] *Id.*

[3] *Id.*; *Domingue v. Sun Elec. & Instrumentation, Inc.*, CIV.A. 09-682, 2010 WL 1688793, at *1 (E.D. La. Apr. 26, 2010).

negotiation and bargaining between employers and employees."[4] The court should ensure that the settlement does not allow the employer to negotiate around the FLSA's mandatory requirements.[5] "[S]ome doubt must exist that the plaintiffs would succeed on the merits through litigation of their claims."[6]

Under the FLSA, an employee must be paid time and one-half for any time worked in excess of forty hours per week.[7] Plaintiffs argue that they are owed overtime because they worked through their lunch breaks but were not paid for that work because a daily 30-minute meal break was subtracted from their pay. Resolution of this matter hinges on the factual dispute of whether the Plaintiff–employees were permitted to take lunch breaks. On Motion for Summary Judgment, the Plaintiffs presented affidavits that clearly showed that the employees were denied their meal breaks;[8] in response, Defendants marshaled compelling evidence to the contrary, including declarations in which employees admitted that they took meal breaks.[9] In light of this genuine issue of material fact, summary judgment was denied.[10] Because Plaintiffs have evidence of an explicit violation of the FLSA and Defendant's have a clear defense to these allegations, the Court finds that a genuine dispute exists

---

[4] *Domingue*, 2010 WL 1688793, at *1 (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 718 (E.D. La. 2008) (internal quotations and alterations omitted)).

[5] *Collins*, 568 F. Supp. 2d at 719.

[6] *Id.* at 719–20.

[7] 29 U.S.C. § 207(2)(C) (West 2014).

[8] R. Doc. 235.

[9] R. Doc. 237.

[10] R. Doc. 271.

between the parties as to whether or not the Defendants violated the FLSA. This is a bona fide dispute such that the settlement agreement at issue is not an effort by the Defendants to skirt the mandatory requirements of the FLSA.

**B. Fair and Reasonable**

Although there are marked differences between a collective action under the FLSA and a Rule 23 class action,[11] courts have found that the factors used in determining the fairness of a settlement under Rule 23 should be applied by analogy in considering the fairness of a settlement of a FLSA collective action.[12] In considering these factors below, this Court finds that the settlement agreement at issue is fair and reasonable.

*1. The existence of fraud or collusion behind the settlement*

In the absence of evidence to the contrary, the court may presume that no fraud or collusion occurred between counsel.[13] There is no evidence of such here. This settlement was reached after three settlement conferences in front of a magistrate judge, as well as a 12-hour mediation with an expert in FLSA claims. As such, it is clear that this settlement was reached through legitimate arms-length negotiation.[14]

---

[11] *See Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916–19 (5th Cir. 2008).

[12] *E.g.*, *Collins*, 568 F. Supp. 2d at 721; *Liger v. New Orleans Hornets NBA Ltd. P'ship*, CIV.A. 05-1969, 2009 WL 2856246, at *2 (E.D. La. Aug. 28, 2009); *Altier v. Worley Catastrophe Response, LLC*, CIV.A. 11-241, 2012 WL 161824, at *13–14 (E.D. La. Jan. 18, 2012).

[13] *Collins*, 568 F. Supp. 2d at 725 (citing *Camp v. Progressive Corp.*, CIV.A. 01-2680, 2004 WL 2149079, at *7 (E.D. La. Sept. 23, 2004)).

[14] *See Altier*, 2012 WL 161824, at *15 ("The court may presume that a proposed settlement is fair and reasonable when it is the result of arm's-length negotiations.").

*2. The complexity, expense and likely duration of the litigation*

This case, which has been pending since May of 2011, is complex such that it involves 200 plaintiffs and was set for an 8-day jury trial.[15]

*3. The stage of the proceedings and the amount of discovery completed*

When the parties settled, this case was only a few weeks from trial. Extensive discovery had been undertaken and completed, and all 200 plaintiffs had responded to written discovery requests. In addition, counsel had taken about 20 depositions. In preparation for trial, each party had submitted at least ten witnesses that it planned to call to testify.

*4. The probability of Plaintiffs' success on the merits*

Plaintiffs' counsel believed that the case had a high likelihood to succeed; however, Defendants raised significant defenses. The parties reached this settlement because both realized the inherent risks in jury verdicts and the appellate process.[16]

*5. The range of possible recovery*

At a fairness hearing, counsel for both parties stipulated to the range of possible recovery. The amount agreed to in the settlement is squarely within the range of possible recovery and represents a genuine compromise of the dispute.

*6. The opinions of class counsel, class representatives, and absent class members*

Counsel for both Plaintiffs and Defendants have, after extensive negotiation, approved of this agreement and recommended it to their clients. At

---

[15] R. Doc. 287.

[16] *See Collins*, 568 F. Supp. 2d at 726.

the fairness hearing, both stated that they think the settlement is fair and reasonable. "The Court is entitled to rely on the judgment of experienced counsel in its evaluation of the merits of a class action settlement."[17]

Unlike in a traditional class action, all class members have affirmatively joined into this litigation and are represented by Plaintiffs' counsel. Accordingly, there are no absent class members whose rights will be determined by this settlement and thus their interests need not be considered.

In consideration of these factors, it is clear to this Court that the settlement agreement reached between the parties in this case is a fair and reasonable resolution to a bona fide dispute.

## C. Attorneys' Fees

The FLSA provides that a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."[18] The Court, however, must determine that the proposed attorneys' fees are reasonable.[19] In their agreement, Defendants have agreed to bear Plaintiffs' attorneys' fees, which will be divided between the two law firms that worked as Plaintiffs' counsel on the case.

The Fifth Circuit employs the lodestar method to determine the reasonableness of attorneys' fees in FLSA collective actions.[20] The lodestar

---

[17] *Id.* at 727.

[18] 29 U.S.C. § 216(b) (West 2014).

[19] *Collins*, 568 F. Supp. 2d at 728.

[20] *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999).

method requires the court to multiply the number of hours reasonably expended in the case by an appropriate hourly rate in the community.[21] An hourly rate is considered *prima facie* reasonable when an attorney has provided his hourly rate to compute the lodestar method, it is within the range of prevailing market rates, and is not contested.[22] As such, this Court has multiplied the more than 1,500 hours worked by Plaintiffs' counsel on this case by the hourly rates provided by Plaintiffs' counsel. The amount produced by this calculation far exceeds the amount that counsel will receive under the settlement. In addition, the amount agreed to in the settlement is in accord with the 40% contingency fee agreement that was signed by all Plaintiffs. While 40% is a higher contingency than most courts have allowed,[23] this Court finds that it is reasonable in light of the lodestar calculation and foregoing discussion of the complexity, longevity, and extensive discovery that took place in this case.

## CONCLUSION

For the foregoing reasons, the Motion is GRANTED, the settlement agreement is ACCEPTED, and the case is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 26th day of September, 2014.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[21] *Id.*

[22] *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995).

[23] *See Altier*, 2012 WL 161824, at *12–25.